IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00936-CNS-SBP

LARRY G. MCGEE,

 Plaintiff,

v.

VICKIE NIRA,
NURSE KAUTZ,
SGT. DIERGA,
CHRIS CHAVEZ,
CHIEF SALAZAR,
ANGIE TURNER,
KARLA TORREZ,
OFFICER JIMMY,
NURSE JEREMY [ROMERO],
DR. JEREMY LONG,
CAPTAIN TRUJILLO, and
JOHN DOES,

 Defendants.

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Susan Prose. ECF No. 70. Her Recommendation addresses three pending motions: (1) Defendants Vickie Nira and Trisha Kautz's (the CDOC Defendants) Motion to Dismiss, ECF No. 37; (2) Defendants Chris Chavez, Steven Salazar, Clara Torrez, and Jeremy Romero's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 38; and (3) Defendants Angie Turner and Donald Trujillo's

1

Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 48 (the Court collectively refers to Defendants Chavez, Salazar, Torrez, Romero, Turner, and Trujilo as the BCCF Defendants).[1] Magistrate Judge Prose recommended that this Court grant all three motions to dismiss. She further recommended that the claims against Defendants Sergeant Dierga and Dr. Jeremy Long, who have not been served and who have not appeared in the case, be dismissed without prejudice.

Plaintiff filed a brief objection to the Recommendation, and the BCCF and CDOC Defendants responded. ECF Nos. 77, 78, 84. For the reasons below, the Court AFFIRMS and ADOPTS the Recommendation.

## I. SUMMARY FOR PRO SE PLAINTIFF

You filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated your Eighth and First Amendment rights, respectively, for deliberate indifference to your medical needs and failure to properly address your grievances on the medical issues. *See generally* ECF No. 18 (Second Amended Complaint). There are three pending motions to dismiss your second amended complaint. This Court referred Defendants' motions to Magistrate Judge Prose for initial determination. ECF Nos. 39, 49. On March 5, 2024, Magistrate Judge Prose recommended that this Court grant all three motions. *See* ECF No. 70.

At the end of her 41-page Recommendation, Magistrate Judge Prose advised that you had 14 days after service of the Recommendation to file a written objection. *Id.* at 41

---

[1] CoreCivic owns Bent County Correctional Facility (BCCF). ECF No. 70 at 23 n.12. Plaintiff, however, does not name either as a Defendant.

n.19. After the Court granted you an additional 30 days to file your objection, you filed a five-page objection that failed to address any of Magistrate Judge Prose's recommendations with specificity. *See* ECF No. 77 at 1–5. Instead, you argue that, as a pro se litigant, your pleadings should be liberally construed. While true, you did not point to any place in the Recommendation where Magistrate Judge Prose failed to apply the liberal pleading standard. You go on to argue that the Court should deny the motions to dismiss in the interests of justice. Again, this argument is insufficient because it does not focus the Court's attention on any perceived legal or factual errors made by Magistrate Judge Prose.

In sum, your objection is not sufficiently specific to warrant a new review of any part of the Recommendation. Nor have you attempted to supplement or correct your pleading deficiencies identified by Magistrate Judge Prose.

Many of your claims, including your Eighth Amendment claim against Defendant Long, your official-capacity Eighth Amendment claims, and all of your claims against the BCCF Defendants, are dismissed without prejudice, which means that you may refile your claims, assuming that you can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)). However, some of your claims, including all individual-capacity claims against Defendants Nira and Kautz, and your First Amendment claim asserting a constitutional right to use the prison grievance procedure, are dismissed with prejudice, which means that you are not allowed to refile these claims.

*See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. Apr. 5, 2018) (unpublished) (a "dismissal with prejudice means the plaintiff cannot return to federal court with the same claims" (citing *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004))).

## II.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.    ANALYSIS & ORDER

Magistrate Judge Prose recommended that all individual-capacity claims against Defendants Nira and Kautz be dismissed with prejudice because the CDOC Defendants are entitled to qualified immunity, and that the Eighth Amendment official-capacity claims be dismissed without prejudice for failure to plead a *Monell* claim based on a deliberate-indifference-to-medical-needs theory of liability. ECF No. 70 at 28, 32, 35, 40. Magistrate Judge Prose also recommended that all claims concerning Plaintiff's use of the

administrative grievance process against the BCCF Defendants be dismissed with prejudice because amendment would be futile; that the law library and access-to-courts claim be dismissed without prejudice; and that the retaliatory transfer claims against the BCCF Defendants be dismissed without prejudice. *Id.* at 40–41.

As noted, Plaintiff objected to Magistrate Judge Prose's Recommendation. Although he timely filed his objection, his arguments are not sufficiently specific to warrant de novo review.

In his objection, Plaintiff raises two general arguments. First, he argues that he is entitled to a liberal construction of his complaint based on his pro se status, suggesting that he was held to the same pleading standards as an attorney. Second, he argues that Magistrate Judge Prose did not consider outside court filings which, according to Plaintiff, demonstrate issues with inadequate medical care provided by Defendants. *See generally* ECF No. 77. Both arguments fail.

Throughout the Recommendation, Magistrate Judge Prose stated that she liberally construed Plaintiff's filings. *See, e.g.*, ECF No. 70 at 6 ("[T]his court is mindful that Mr. McGee proceeds pro se and thus affords his filings a liberal construction."); *id.* at 19; *id.* at 21 ("The court respectfully finds that these facts, liberally construed in Mr. McGee's favor, do not sufficiently allege the subjective component of an Eighth Amendment claim against Mr. Romero."); *id.* at 25 ("Read liberally, the SAC raises two allegations against Ms. Kautz."); *id.* at 29 ("[t]hese facts, even taken as true and liberally construed in favor

of Mr. McGee, do not adequately allege" an Eighth Amendment claim for relief"); *id.* at 33. The Court finds that Magistrate Judge Prose liberally construed Plaintiff's pleadings.[2]

His second argument is also unavailing. Plaintiff argues that "the Court has not taken into consideration the additional exhibits provided to the Court by Mr. McGee that therein does plainly and clearly establish firmly all Court implied necessities to nullify the immunity claims brought by the law office of the State Attorney General on behalf of the defendants et al." ECF No. 77 at 4. This second argument fails for at least two reasons. First, Plaintiff does not state what additional exhibits he expected Magistrate Judge Prose to consider, or what additional exhibits he wants this Court to consider. Second, assuming Plaintiff is referring to the exhibits attached to his amended complaint, ECF No. 18 at 30–43, Magistrate Judge Prose explained in her Recommendation that she did consider those documents. ECF No. 70 at 2–3 ("The SAC is twenty-eight pages long and is accompanied by thirteen pages of grievance materials from the periods of incarceration at BCCF and Sterling, *which the court considers here in resolving the motions to dismiss*." (emphasis added)).

Setting aside the two failed arguments Plaintiff raises, the greater issue with Plaintiff's objection is that he does not identify any allegations that were misconstrued by Magistrate Judge Prose, nor does he identify any allegations (new or previously pleaded) demonstrating that Defendants engaged in the conduct he alleges. Stated differently, Plaintiff does not provide any additional factual background or demonstrate how the

---

[2] To the extent Plaintiff asks the Court to craft his legal arguments for him, it is well established that the Court cannot do so. *In re Antrobus*, 563 F.3d 1092, 1099 (10th Cir. 2009) (district courts are "not permitted to invent arguments even for pro se litigants"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (it is improper for "the district court to assume the role of advocate for the pro se litigant").

6

second amended complaint establishes viable claims for relief. He merely states that his complaint was adequately pleaded.

In sum, Plaintiff has not sufficiently challenged any finding of fact or law in Magistrate Judge Prose's Recommendation. The Court therefore overrules the objection.

## IV.   CONCLUSION

The Court overrules Plaintiff's objection and AFFIRMS and ADOPTS Magistrate Judge Prose's Recommendation, ECF No. 70, in its entirety as an order of this Court. Accordingly, the Court ORDERS the following:

(1) Defendants Vickie Nira and Trisha Kautz's Motion to Dismiss, ECF No. 37, is GRANTED. All individual-capacity claims against Defendants Nira and Kautz are DISMISSED WITH PREJUDICE, the Eighth Amendment claim against Defendant Long is DISMISSED WITHOUT PREJUDICE, and Plaintiff's official-capacity Eighth Amendment claim is DISMISSED WITHOUT PREJUDICE.

(2) Defendants Chris Chavez, Steven Salazar, Clara Torrez, and Jeremy Romero's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 38, is GRANTED. All claims against Defendants Chavez, Salazar, Torrez, and Romero are DISMISSED WITHOUT PREJUDICE except Plaintiff's First Amendment claim asserting a constitutional right to use the prison grievance procedure, which is DISMISSED WITH PREJUDICE.

(3) Defendants Angie Turner and Donald Trujillo's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 48, is GRANTED. All claims against Defendants Turner and Trujillo are DISMISSED WITHOUT PREJUDICE except Plaintiff's First Amendment claim asserting a constitutional right to use the prison grievance procedure, which is DISMISSED WITH PREJUDICE. Additionally, all claims against Defendant Dierga are DISMISSED WITHOUT PREJUDICE.

(4) The claim against Officer/Nurse Jimmy remains.[3]

---

[3] Magistrate Judge Prose stated that she will address service on Nurse Jimmy by separate order. ECF No. 70 at 41 n.19. That issue remains pending. The Court notes that CoreCivic, BCCF's owner, returned Nurse Jimmy's summons as unexecuted, explaining that "CoreCivic could not determine who Officer Jimmy is." ECF No. 31-2 (Process Receipt and Return dated February 13, 2023). Concurrently with this order, the

DATED this 17th day of July 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

Court will order Plaintiff to show cause why the claims against Nurse Jimmy, listed as John Doe on the docket, should not be dismissed for lack of service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").